[No. B026225. Second Dist., Div. Six. Feb. 2, 1988.]

GARY LYNN WHITE et al., Plaintiffs and Respondents, v. CARI LINN JACOBS, Defendant and Appellant.

**COUNSEL**

Jon D. Cantor and Cantor & Weinshenk for Defendant and Appellant.

No appearance for Plaintiffs and Respondents.

**OPINION**

**ABBE, J.—** ▉ We hold that in the absence of express statutory authority the superior court cannot entertain an independent action to order visitation of a grandchild by grandparents over the objection of the child's parent or parents. We find it unnecessary to address any of the constitutional issues raised by appellant.

Appellant, Ms. Jacobs, is the mother of a minor child, Nicole, born in 1978. Respondents (the Whites) are the child's maternal grandparents. The Whites brought an action seeking visitation rights with Nicole after a breakdown in their relationship with Ms. Jacobs. Ms. Jacobs and Nicole had resided for intermittent, substantial periods of time with the Whites from the time of Nicole's birth until Ms. Jacobs's marriage in early 1985.

Ms. Jacobs and Mr. Jacobs, the child's stepfather,[1] both objected to visitation by the Whites after earlier efforts to that end were unsuccessful. The hostility between the Jacobs and the Whites apparently resulted in the visitations with the Whites being emotionally traumatic for Nicole. The

---

[1] There is no reference in the record to the father of Nicole. He was not shown to have consented to the order and apparently has no custodial rights to Nicole.

court granted the Whites' request and gave them visitation one weekend day per month.

Any rights of grandparents to custody or visitation of grandchildren are provided by statutes recently enacted. The trial court, in granting visitation, relied on two: California Civil Code sections 197.5 and 4351.5, subdivision (b).[2] Neither are applicable to an independent action to establish visitation rights with a grandchild who is the child of a living child of the grandparents.

Section 197.5[3] permits the superior court to grant reasonable visitation rights to the grandparents of an unmarried child if the child's parent is deceased and the deceased was a child of the grandparents. The section is inapplicable here.

Section 4351.5, subdivision (b) provides: "Notwithstanding any other provision of law, in proceedings under Sections 4450 and 4503, the superior court has jurisdiction pursuant to Section 4601 to award reasonable visitation rights to a person who is a grandparent of a minor child of a party to the marriage, if visitation by that person is determined to be in the best interests of the minor child." Since there were and are no proceedings under either sections 4450 (petition for nullity) or 4503 (petition for dissolution) pending, section 4351.5 is inapplicable. The grandparents are merely permitted to be joined as parties to an existing action. (See Cal. Rules of Court, rules 1250 and 1252 (b).)

Section 4601, which permits a court to award visitation rights to "any other person [than a parent] having an interest in the child," is applicable only to proceedings where there is at issue the custody of a minor child under section 4600. (See *In re B. G.* (1974) 11 Cal.3d 679, 696 [114 Cal.Rptr. 444, 523 P.2d 244] re multiplicity of proceedings in which custody can be litigated.) This section is consequently also inapplicable. (*See Guardianship of M.S.W.* (1982) 136 Cal.App.3d 708, 713 [186 Cal.Rptr. 430].)

The number and specificity of statutes providing for adjudication of grandparents' rights of visitation belie any general or inherent rights of grandparents or authority of superior courts to mandate visitation with a

---

[2] All further references are to this code unless otherwise specified.

[3] Section 197.5, subdivision (a) provides: "If either the father or mother of an unmarried minor child is deceased, the children, parents, and the grandparents of such deceased person may be granted reasonable visitation right to the minor child during its minority by the superior court upon a finding that such visitation rights would be in the best interests of the minor child."

grandchild over that child's parents' objection. Even when such visitation right is expressly granted by statute, a presumption against the grandparents arises from the parents' objection. (§ 4351.5, subd. (k).)

We hold the court erred in entertaining such an action and in making such an order. (Accord, re stepparent visitation *Perry* v. *Superior Court* (1980) 108 Cal.App.3d 480 [166 Cal.Rptr. 583]; now see Civ. Code, § 4351.5, subd. (a).)

The order granting visitation is reversed. Upon remand, the trial court shall dismiss the action. Appellant to recover costs on appeal.

Stone (S. J.), P. J., and Gilbert, J., concurred.