[No. D007092. Fourth Dist., Div. One. Aug. 2, 1988.]

In re the Marriage of MARY LEWIS and STEPHEN D. GOETZ.
MARY LEWIS, Respondent, v.
STEPHEN D. GOETZ, Appellant.

COUNSEL

William P. Daley for Appellant.

Sharron Voorhees for Respondent.

OPINION

WIENER, Acting P. J.—The question in this appeal is whether appellant Stephen Goetz is entitled by statute or as an "equitable parent" to request joint legal and physical custody of his stepson, Brian Lewis, in proceedings for dissolution of marriage to Brian's natural mother, respondent Mary

Lewis. The court found it lacked subject matter jurisdiction to consider the issue under Civil Code section 4351.5.[1] We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Brian was born August 24, 1980. The parties agree that Stephen is neither Brian's biological nor adoptive father.[2]

Stephen and Mary lived together between 1980 and 1985, when they commenced a one-year marriage. They dispute almost every aspect of Stephen's relationship with Brian, including the extent to which Mary and Stephen maintained an on-going family unit between 1980 and 1985, whether Stephen exercised the obligations and responsibilities of a father or contributed financially to Brian's needs before or after the marriage to Mary, and Stephen's interest in adopting Brian.

Stephen and Mary's separate petitions for dissolution[3] present conflicting views of Brian's status. Mary alleged there were no minor children of the marriage. Stephen, on the other hand, alleged that Brian was a minor child "by acknowledgment on [Stephen's] part" and requested joint legal and physical custody in addition to reasonable visitation for both parties.

Stephen also filed an order to show cause for temporary joint custody based on his acknowledgment of Brian as his son. In response Mary moved to strike the custody declarations and request for custody on grounds Stephen was a stepfather and the court lacked subject matter jurisdiction to award Stephen custody of his stepchild. Following the hearing on Stephen's order to show cause, the court agreed it did not have subject matter jurisdiction to award custody to Stephen but ordered visitation pursuant to section 4351.5.

---

[1] All statutory references are to the Civil Code unless otherwise specified.

[2] Mary declared that Brian's natural father resides in Santa Barbara. Stephen's counsel told the court he believed the natural father's whereabouts were unknown. There is nothing in the record to suggest that either party was concerned with the natural father's rights or attempted to provide him with notice of the hearing on Stephen's request for joint custody. While not an issue in this appeal, we are nonetheless concerned about the lack of notice. Under some circumstances an unwed father may have a constitutionally protected opportunity interest to establish a familial relationship with his child. (See *Lehr* v. *Robertson* (1983) 463 U.S. 248, 262 [77 L.Ed.2d 614, 627, 103 S.Ct. 2985].) The issue of a natural father's right to custody is currently before the United States Supreme Court in another context in *In re Baby Girl M.* (1987) (Cal.App.), review denied and opinion deleted upon direction of Supreme Court by order dated July 30, 1987 (D003076), certiorari granted *sub nom. McNamara* v. *San Diego County Dept. of Social Services* (1988) 485 U.S. 1005 [99 L.Ed.2d 696, 108 S.Ct. 1466].

[3] Mary filed a petition on June 9, 1987, and Stephen filed a petition on June 12, 1987. The separate actions were consolidated under Superior Court No. D 240963.

In his appeal of the order Stephen argues the court has subject matter jurisdiction under sections 4351.5 and 4600 and that the best interests and needs of the child are the paramount consideration in awarding custody under section 4600. He also asserts the court has power to consider his custody request because he has acquired rights of paternity under the theory of "equitable parent."

DISCUSSION

I

Section 4351.5, subdivision (a) provides: "Notwithstanding the provisions of Section 4351, in proceedings under Sections 4450 [void or voidable marriage] and 4503 [dissolution of marriage], the superior court has jurisdiction to award reasonable visitation rights to a person who is a party to the marriage that is the subject of the proceeding with respect to a minor child of the other party to the marriage, if visitation by that person is determined to be in the best interests of the minor child." ■ Stephen contends the Legislature's omission of the word "custody" from section 4531.5 should not be read as demonstrating an intent to preclude a court from awarding custody to a stepparent if that decision is found to be in the best interests of the child. Neither the legislative history nor recent judicial interpretation of section 4351.5 supports Stephen's position on this issue.

Section 4351.5 was a direct legislative response to *Perry* v. *Superior Court* (1980) 108 Cal.App.3d 480 [166 Cal.Rptr. 583]. (*Marckwardt* v. *Superior Court* (1984) 150 Cal.App.3d 471, 476 [198 Cal.Rptr. 41]; *Review of Selected 1982 California Legislation* (1983) 14 Pacific L.J. 357, 613-614.) In *Perry* the family law court awarded the husband of six years with visitation rights to his wife's child by a former marriage. The court found there had been a prima facie showing that the husband had fulfilled the role of father and the fact there was no blood relationship was inconsequential when considering the best interest of the child. (108 Cal.App.3d at p. 483.) The Court of Appeal reversed holding that the court lacked jurisdiction to award visitation to the stepfather because section 4351 expressly limited the jurisdiction of the superior court in a marital dissolution action to minors who are "children of the marriage." (*Id.* at p. 481.) However, the court did not find the result "particularly palatable" and invited the Legislature "to address this thorny problem of *visitation* by stepparents." (*Id.* at p. 485, italics supplied.)

The Legislature enacted section 4351.5 in 1982. As first amended the bill provided that "[a]ny visitation right granted to a stepparent pursuant to this section shall not conflict with any visitation right of a natural parent." (Assem. Bill No. 2635 (1981-82 Reg. Sess.) Mar. 30, 1982.) A subsequent

amendment demonstrates the Legislature's intent to differentiate between "visitation" and "custody": "Any visitation right granted to a stepparent pursuant to this section shall not conflict with any visitation or *custodial* right of a natural or adoptive parent who is not a party to the proceeding." (Assem. Bill No. 2635 (1981-82 Reg. Sess.) Apr. 14, 1982, italics supplied.) Nowhere in the statute or legislative history is there any suggestion section 4351.5 was intended to confer jurisdiction over anything other than a stepparent's visitation rights.

Furthermore, two courts have refused to expand the jurisdiction of section 4351.5 to cover factual situations not expressly addressed by the statute, such as requests for visitation by a natural parent who had consented to his children's adoption by the natural mother's second husband (*Marckwardt* v. *Superior Court, supra,* 150 Cal.App.3d 471) and by grandparents in an independent action for visitation where no dissolution action was pending (*White* v. *Jacobs* (1988) 198 Cal.App.3d 122 [243 Cal.Rptr. 597]).

We conclude the court correctly found it lacked jurisdiction under section 4351.5 to award Stephen joint custody of Brian.

## II

■ There is no merit to Stephen's argument that the court should have found subject matter jurisdiction under section 4600 on the basis of the following statutory language: "In any proceeding where there is at issue the custody of a minor child, the court may, during the pendency of the proceeding or at any time thereafter, make such order for the custody of the child during minority as may seem necessary or proper." (§ 4600, subd. (a).)

It is well established that section 4600 does not create subject matter jurisdiction in and of itself. (*In re B. G.* (1974) 11 Cal.3d 679, 696, fn. 24 [114 Cal.Rptr. 444, 523 P.2d 244]; *Marckwardt* v. *Superior Court, supra,* 150 Cal.App.3d at p. 480; *Perry* v. *Superior Court, supra,* 108 Cal.App.3d at pp. 483-484.) ". . . [A] marital dissolution proceeding is only one of a number of proceedings in which custody and visitation rights can be litigated." (*Perry* v. *Superior Court, supra,* 108 Cal.App.3d at p. 483; see *In re B. G., supra,* 11 Cal.3d at p. 696.) ". . . [W]hile the substantive discretion conferred by Civil Code section 4601 is broadly stated, '[t]he plain fact, however, is that in a marital dissolution proceeding the legislative grant of authority to the court to deal with custody or visitation matters is constricted by Civil Code section 4351'—and now also by section 4351.5." (*Marckwardt* v. *Superior Court, supra,* 150 Cal.App.3d at p. 480, quoting *Perry* v. *Superior Court, supra,* 108 Cal.App.3d at p. 484.)

In support of his position Stephen cites three cases in which a nonparent was awarded custody under section 4600 based on the best interests of the child. However, in each of these cases, there was an independent basis for jurisdiction. *In re Reyna* (1976) 55 Cal.App.3d 288 [126 Cal.Rptr. 138] involved a habeas corpus petition through which a father sought custody of his illegitimate child who had been relinquished by the mother and placed with a family for adoption. In *Guardianship of Phillip B.* (1983) 139 Cal.App.3d 407 [188 Cal.Rptr. 781] jurisdiction was conferred by Probate Code section 1514, subdivision (b). *In re B. G., supra,* 11 Cal.3d 679 was a juvenile dependency proceeding under Welfare and Institutions Code section 600, subdivision (a).

Having decided section 4600 does not provide an independent basis for jurisdiction, we need not address Stephen's contentions regarding the specific standards of "best interest" and "detriment" set forth in that section.

## III

█ Stephen also asserts he should have been awarded joint custody of Brian under the doctrine of "equitable parent" recently recognized by the Michigan Court of Appeals in the context of divorce proceedings. In *Atkinson* v. *Atkinson* (1987) 160 Mich.App. 601 [408 N.W.2d 516], the court held that although a wife may establish a husband is not the biological father of a child born during the marriage, the father may, nonetheless, acquire rights of paternity under the theory of "equitable parent" and the analogous doctrine of "equitable adoption." (*Id.* at p. 517.) It concluded a person who is not the biological father of a child may be considered a parent under circumstances where "he desires such recognition and is willing to support the child as well as wants the reciprocal rights of custody or visitation afforded to a parent." (*Id.* at p. 520.) The court also analogized to the doctrine of "equitable adoption" long recognized in Michigan law of intestate succession that an implied contract to adopt is found when a close relationship, similar to parent and child, exists between a child and the deceased. "It is only logical that a person recognized as a natural parent in death should have the same recognition in life." (*Ibid.*)

California recognizes the doctrine of "equitable adoption" for purposes of inheritance under Probate Code section 6408, subdivision (d). It is also arguable that as a practical matter the Legislature gave limited recognition to the doctrine of "equitable parent" when it adopted section 4351.5. However, as we have said, there is no suggestion the Legislature intended to provide stepparents with custody rights on dissolution. Given the complex practical, social and constitutional ramifications of the "equitable parent"

doctrine, we believe that the Legislature is better equipped to consider expansion of current California law should it choose to do so.

## DISPOSITION

Order affirmed.

Work, J., and Woodworth, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.