[No. C006346. Third Dist. Aug. 22, 1990.]

ANGELA CURIALE, Plaintiff and Appellant, v.
ROBIN REAGAN, Defendant and Respondent.

**COUNSEL**

M. Jane Pearce for Plaintiff and Appellant.

Wm. Neil Shepherd for Defendant and Respondent.

**OPINION**

**PUGLIA, P. J.**—The breakup of a relationship between two women occasioned this attempt by the plaintiff, one of the women, to seek rights of custody and/or visitation with the natural child of defendant, her erstwhile partner in the relationship. Defendant's child was conceived during the relationship by artificial insemination. Plaintiff appeals from an order (1)

granting defendant's motion to quash an order to show cause for visitation and custody and (2) dismissing plaintiff's complaint to establish de facto parental status. The issue is whether plaintiff, who is neither the natural mother, stepmother, nor adoptive mother of the child has standing to assert a claim for custody and/or visitation as against the child's natural mother with whom the child resides. We shall conclude she does not.

The facts are undisputed. Between April 1982 and December 1987 plaintiff and defendant lived together in a homosexual relationship. At some point during the relationship plaintiff and defendant agreed defendant would conceive a child through artificial insemination and that the child would be raised by both of them. The first part of the agreement was consummated and the child was born in June 1985. Thereafter, from the time of the child's birth until June 1988, plaintiff provided the sole financial support for herself, defendant and the child.

The relationship between plaintiff and defendant terminated in December 1987 when plaintiff moved out of the home. At that point a written settlement agreement was executed by the parties which provided, inter alia, for the sharing of physical custody of the child. In June 1988, defendant informed plaintiff that she was no longer willing to share custody with plaintiff or even allow plaintiff to visit with the child.

Plaintiff responded by filing a "complaint to establish de facto parent status/maternity and for custody and visitation," along with an order to show cause seeking custody and visitation. Defendant moved to quash the order to show cause and to dismiss the complaint, asserting plaintiff had no standing to initiate the proceeding.

The trial court declined to give effect to the settlement agreement between the parties.[1] The court ruled it was without jurisdiction to award custody or visitation to plaintiff as plaintiff had no colorable claim of right to custody and there was no statutory basis for plaintiff's claim of parental status. As a result, the court granted defendant's motion to quash and dismissed the complaint.

In her complaint, plaintiff alleges as the foundation of her claim Civil Code sections 7015, 7020, and 4600 et seq. None of these provisions, however, provides a basis for this proceeding. Civil Code sections 7015 and 7020 are part of the Uniform Parentage Act, which deals substantively with the rights of children and procedurally with the determination of parentage.

---

[1] Although plaintiff attached a copy of the settlement agreement to the complaint, she asserted no contractual claims in the trial court nor does she on appeal.

(Civ. Code, § 7000 et seq.) While Civil Code section 7015 confers standing upon any interested person to bring an action to determine the existence or not of a parent-child relationship, it has no application where, as here, it is undisputed defendant is the natural mother of the child. (See 10 Witkin, Summary of Cal. Law (9th ed. 1989) Parent and Child, § 439, p. 486.)

Despite its rather broad provisions, Civil Code section 4600 is likewise of no benefit to plaintiff.[2] Civil Code section 4600 does not create subject matter jurisdiction. (*In re Marriage of Lewis & Goetz* (1988) 203 Cal.App.3d 514, 518 [250 Cal.Rptr. 30].) Jurisdiction to adjudicate custody depends upon some proceeding properly before the court in which custody is at issue such as dissolution (Civ. Code, § 4350 et seq.), guardianship (Prob. Code, § 1400 et seq.), or dependency (Welf. & Inst. Code, §§ 600, 725-729). (See generally, *In re B. G.* (1974) 11 Cal.3d 679, 696 [114 Cal.Rptr. 444, 523 P.2d 244]; Bodenheimer, *The Multiplicity of Child Custody Proceedings —Problems of California Law* (1971) 23 Stan.L.Rev. 703, 704-705.) However, plaintiff has no standing to avail herself of any of these proceedings. The Legislature has not conferred upon one in plaintiff's position, a nonparent in a same-sex bilateral relationship, any right of custody or visitation upon the termination of the relationship. (Cf. *White* v. *Jacobs* (1988) 198 Cal.App.3d 122, 124-125 [243 Cal.Rptr. 597].)

Plaintiff all but concedes there is no statutory or decisional authority to grant her rights of custody and/or visitation *over the objections* of the child's natural parent. (Cf. *Jhordan C.* v. *Mary K.* (1986) 179 Cal.App.3d 386, 391, 397 [224 Cal.Rptr. 530].) Undaunted, plaintiff argues the "court system can better serve the best interests of the child by conferring legal parental status on those who in reality act as the child's parent, without totally depriving the biological or adoptive parent of their [*sic*] rights." Plaintiff continues, "[T]he judiciary's function is to confront controversy. With or without appropriate legislation, the courts [must] resolve disputes regarding the care of children in non-traditional families, both at the trial level and the appellate level. Unlike the [L]egislature, the courts cannot avoid controversial claims and must deal with real families with real disputes today, not solutions of compromise fashioned for abstract problems tomorrow."

Plaintiff misconceives the role of the judiciary as an innovator of social policy. "Given the complex practical, social and constitutional ramifications of the [de facto parent] doctrine, we believe that the Legislature is better equipped to consider expansion of current California law should it choose

---

[2] Civil Code section 4600 states in relevant part: "In any proceeding where there is at issue the custody of a minor child, the court may, during the pendency of the proceeding or at any time thereafter, make such order for the custody of the child during minority as may seem necessary or proper."

to do so." (*In re Marriage of Lewis & Goetz, supra*, 203 Cal.App.3d at pp. 519-520.)

Defendant's request for attorney's fees on appeal is denied. The judgment (order) is affirmed.

Marler, J., and DeCristoforo, J., concurred.