[No. C012863. Third Dist. June 29, 1993.]

MARGARITA POLIN, Plaintiff and Appellant, v.
ELVIRA COSIO, Defendant and Respondent.

1452

**COUNSEL**

James Todd Bennett for Plaintiff and Appellant.

William R. Pritchard for Defendant and Respondent.

**OPINION**

**SCOTLAND, J.**—This case addresses the propriety of a temporary child custody order issued in an action brought pursuant to the Domestic Violence Prevention Act (Code Civ. Proc., § 540 et seq.). We conclude the act confers jurisdiction on the superior court to enter a temporary child custody order only if the minor is the child of the petitioner and respondent in the Domestic Violence Prevention Act proceeding. Because the present case involves a dispute between sisters, the superior court lacked jurisdiction to adjudicate child custody and the court's order awarding temporary custody of the minor to the child's aunt is void.

### FACTS AND PROCEDURAL BACKGROUND

Margarita Polin, a Mexican national, gave birth to a son, Fortunato Diego R., in June 1990 while Polin was an inmate in state prison. Due to her incarceration and her lack of knowledge as to the whereabouts of the child's father, Polin entered into a "temporary custody agreement" with her sister, Elvira Cosio. The agreement gave Cosio custody of Fortunato through December 30, 1991, the date Polin expected to be released from prison. Polin was released from the Department of Corrections in July 1991, but remained in custody due to an immigration hold by the Immigration and Naturalization Service. In August 1991, she was released on bond pending the resolution of her deportation case. Upon her release from custody, Polin contacted Cosio to arrange for Fortunato's return. Cosio refused to return the child and, on one occasion, physically assaulted Polin.

Polin then filed an application under the Domestic Violence Prevention Act requesting restraining and stay-away orders as to Cosio and seeking legal and physical custody of Fortunato. In response to the order to show cause why this relief should not be granted, Cosio requested that she be given custody of Fortunato and that Polin be allowed supervised visitation.

The superior court ruled the parties' "temporary agreement" which granted Cosio custody of Fortunato was "modifiable at any time," found "it is not in the best interest of the child to be with the natural mother," and determined "it would be detrimental to place the child with a person [he] does not know or has not known for [his] 18 months of life." Cosio was awarded temporary custody of Fortunato, and Polin was granted visitation. Polin filed a timely notice of appeal.

## DISCUSSION

Polin contends the superior court lacked jurisdiction to modify the parties' temporary custody agreement because Cosio's request for custody was not raised by the pleadings and because the court had no power to modify the parties' private agreement.[1]

 Our examination of the Domestic Violence Prevention Act (hereafter the DVPA or the Act) discloses the court had no jurisdiction to make a temporary child custody order for a more fundamental reason: the Act grants no power to adjudicate a child custody dispute where the minor is not a child of the petitioner and respondent in the DVPA action. We requested supplemental briefing on this issue.

 " 'Lack of jurisdiction' is a term used to describe situations in which a court is without authority to act. (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288-291 [109 P.2d 942, 132 A.L.R. 715].) In its most fundamental sense, lack of jurisdiction means an entire absence of power to hear the particular subject matter of the case. (*Id.*, at p. 288.) The term also relates to the court's inability to render judgments against individuals who have not properly been made parties to an action. (*Ibid.*) Even when a court has jurisdiction over the subject matter and the parties in a fundamental sense, it may have no 'jurisdiction' or power to make orders which are not

---

[1]Polin also argues the record contains no evidence supporting the superior court's findings that an award of custody to her would be detrimental to Fortunato and would not be in his best interest. Moreover, Polin contends the superior court's ruling is in error to the extent it is based on her lack of employment and her status as a felon and alien. We need not address these contentions because, as we shall explain, the court had no jurisdiction to issue a temporary child custody order in this Domestic Violence Prevention Act proceeding between two sisters.

authorized by statute. (*Id.*, at pp. 288-290.) '[I]t seems well settled . . . that when a statute authorizes prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction . . . .' (*Id.*, at p. 290.)" (*In re Jody R.* (1990) 218 Cal.App.3d 1615, 1622 [267 Cal.Rptr. 746].)

■ The jurisdiction of the superior court in a DVPA proceeding is derived from section 540 et seq. of the Code of Civil Procedure. (Further section references are to this code unless otherwise specified.) The Act applies to abuse[2] perpetrated against "a spouse, former spouse, cohabitant[3], former cohabitant, any other adult person related by consanguinity or affinity within the second degree, or a person with whom the respondent has had a child or has had a dating or engagement relationship . . . ." (§§ 540, 542, subd. (b)(1); see 11 Witkin, Summary of Cal. Law (9th ed. 1990) Husband and Wife, § 29 et seq., p. 48 et seq.; Hogoboom & King, Cal. Practice Guide: Family Law 1 (The Rutter Group 1989) ¶ 5:40 et seq., rev. # 1, 1993.)

The purposes of the Act are to prevent recurring acts of abuse and "to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable those persons to seek a resolution of the causes of the violence." (§ 540; *Caldwell* v. *Coppola* (1990) 219 Cal.App.3d 859, 863 [268 Cal.Rptr. 453]; see *In re Marriage of Van Hook* (1983) 147 Cal.App.3d 970, 978 [195 Cal.Rptr. 541].)

Although the DVPA applies broadly to both married and unmarried persons (*Caldwell, supra,* 219 Cal.App.3d at p. 863), the Act limits the authority of the superior court. At issue in this case is section 547, which specifies the orders a superior court may enter following a noticed hearing.

Section 547 provides in part: "The court may issue upon, notice and a hearing, any of the following orders: [¶] (a)(1) Any of the orders set forth in paragraphs (1), (4) and (5) of subdivision (a) of Section 4359 of the Civil Code . . . ."[4] Only one of these orders pertains to the custody of children. Paragraph (4) of Civil Code section 4359, subdivision (a), authorizes the

---

[2] " 'Abuse' means intentionally or recklessly causing or attempting to cause bodily injury, or sexual assault, or placing another person in reasonable apprehension of imminent serious bodily injury to himself, herself, or another." (§ 542, subd. (a).)

[3] " 'Cohabitant' means a person who regularly resides in the household." (§ 542, subd. (c).)

[4] Civil Code section 4359, subdivision (a), is part of the Family Law Act which permits the superior court to issue certain ex parte orders during the pendency of proceedings for a declaration of a void or voidable marriage or for dissolution of marriage. (See Civ. Code, §§ 4400 et seq., 4501 et seq.) The subdivision specifies six types of orders: "the superior court may issue ex parte orders (1) restraining any person from transferring, encumbering, hypoth-

superior court to issue orders "determining the temporary custody of any minor children of the marriage, and the right of a party to visit the minor children upon the conditions as the court may determine[.]" Accordingly, the first portion of section 547 authorizes the superior court to make a temporary child custody order with respect to *children of the marriage between the petitioner and respondent* in the DVPA action.

Section 547 further provides that, "in the case of a nonmarital relationship between the petitioner and the respondent" in a DVPA action, the superior court may issue "any of the orders set forth in paragraphs (2), (3), (5), and (6) of subdivision (a) of Section 4359 [none of which includes a child custody order (see fn. 4, *ante*)] and where there is a minor child of the petitioner and the respondent an order determining the temporary custody of the child. . . ." Therefore, the second portion of section 547 authorizes the superior court to make a temporary child custody order with respect to *offspring resulting from a nonmarital relationship of petitioner and respondent* in the DVPA proceeding.

■ By expressly authorizing a temporary child custody order in a DVPA action where the minor is the child of the petitioner *and* respondent, the Legislature has implicitly prohibited child custody orders in DVPA proceedings where the minor is the child of only one party. (Cf. *Security Pacific National Bank* v. *Wozab* (1990) 51 Cal.3d 991, 998 [275 Cal.Rptr. 201, 800 P.2d 557].) To construe section 547 otherwise would require us to ignore the plain meaning of the section and to insert into the statute language which was not used by the Legislature. Cardinal rules of statutory construction

---

ecating, concealing, or in any way disposing of any property, real or personal, whether community, quasi-community, or separate, except in the usual course of business or for the necessities of life, and if the order is directed against a party, requiring him or her to notify the other party of any proposed extraordinary expenditures and to account to the court for all extraordinary expenditures; (2) enjoining any party from contacting, molesting, attacking, striking, threatening, sexually assaulting, battering, or disturbing the peace of the other party, and, in the discretion of the court, upon a showing of good cause, other named family and household members; (3) excluding one party from the family dwelling or from the dwelling of the other, for the period of time and upon the conditions as the court may determine, regardless of which party holds legal or equitable title, or is the lessee of the dwelling, upon a showing that the party to be excluded has assaulted or threatens to assault the other party or any other person under the case, custody, or control of the other party, or any minor child of the parties or of the other party, and that physical or emotional harm would otherwise result to the other party or any person under the care, custody, or control of the other party, or to any minor child of the parties or of the other party as provided in Section 5102; (4) determining the temporary custody of any minor children of the marriage, and the right of a party to visit the minor children upon the con ditions as the court may determine; (5) determining the temporary use, possession, and control of real or personal property of the parties and the payment of any liens or encumbrances coming due during the pendency of the order; and (6) enjoining a party from specified behavior which the court determines is necessary to effectuate orders under paragraph (2) or (3)."

prohibit us from doing so. (51 Cal.3d 991, 998.) Courts must follow the language used by the Legislature and give to the statute its literal meaning, whatever may be thought of its wisdom, expediency or policy, unless doing so would result in absurd consequences which the Legislature did not intend. (*People* v. *Pieters* (1991) 52 Cal.3d 894, 898-899 [276 Cal.Rptr. 918, 802 P.2d 420]; *People* v. *Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380].) Construing section 547 to empower the superior court to make a temporary child custody order in a DVPA action only where the minor is a child of both parties is consistent with the plain meaning of the statute. Neither party to this action suggests our literal interpretation of the statutory language will result in absurd consequences, nor do we perceive such an effect. ■ Prohibiting Polin's use of a DVPA action to obtain a child custody order for her son does not leave her without a vehicle to obtain such an order. This is a classic case for use of a petition for writ of habeas corpus. (*Adoption of Alexander S.* (1988) 44 Cal.3d 857, 866-867 [302 P.2d 595]; *In re Croze* (1956) 145 Cal.App.2d 492, 493-495 [245 Cal.Rptr. 1, 750 P.2d 778]; 10 Witkin, Summary of Cal. Law, *op. cit. supra*, Parent and Child, § 234, pp. 285-286; see also Pen. Code, § 278.)

■ Because the parties to this DVPA proceeding are sisters, the minor over whom they sought custody obviously is neither a child of the parties' marriage nor an offspring of the parties' nonmarital relationship. ■ ■ ■ ■ Consequently, the superior court had no jurisdiction under section 547 or any other provision of the DVPA to issue a temporary child custody order awarding custody of Fortunato to Cosio with visitation to Polin.[5]

### DISPOSITION

The child custody order is reversed. Cosio shall pay Polin's costs on appeal.

Puglia, P. J., and Raye, J., concurred.

---

[5]Cosio notes the superior court "found that under Civil Code section 4600[, subdivision (b)(2)] the child should be placed with the person in whose home the child had been living in a wholesome and stable environment." However, she does not contend Civil Code section 4600 provides an independent basis of jurisdiction to issue the child custody order in a DVPA action, and such a contention would be unavailing. "It is well established that section 4600 does not create subject matter jurisdiction in and of itself." (*In re Marriage of Lewis & Goetz* (1988) 203 Cal.App.3d 514, 518 [250 Cal.Rptr. 30]; Hogoboom & King, Cal. Practice Guide: Family Law 1, *op. cit. supra*, ¶ 7.2, p. 7-2.) Absent some independent basis of jurisdiction, such as a petition for writ of habeas corpus, section 4600 does not empower the superior court to adjudicate the issue of child custody. (*Marriage of Lewis, supra*, at p. 519; see *In re Reyna* (1976) 55 Cal.App.3d 288, 295-296 [126 Cal.Rptr. 138]; see also *Adoption of Alexander S., supra*, 44 Cal.3d at p. 867.)