ST. PETER'S ORPHAN ASYLUM ASSOCIATION,
Appellant, v. GOLDIE MAE RILEY, alias GOLDIE
CLARK, Appellee. 311 S. W. (2d) 336.

Western Division, at Jackson. October 4, 1957.

Petition for Certiorari denied by Supreme Court December 6, 1957.

684

Thomas J. Griffin, Memphis, for appellant.

No appearance for appellee.

CARNEY, J. The appellant, St. Peter's Orphan Asylum Association, of Memphis, Tennessee, a licensed child-placing agency, appeals from a decree of the Chancellor dismissing its petition to have an infant child declared an "abandoned child" within the meaning of the adoption laws of the State of Tennessee. The Chancellor held that the Chancery Court was without jurisdiction to decree such abandonment in the instant case and that the proper forum for the filing of such petition was in the Juvenile Court as provided in Section 37-243 of Tennessee Code Annotated.

The petition did not pray for an adoption of the infant child. It prayed the Court to declare the child an abandoned child; that the parental rights of the appellee mother of said child be terminated and that the care, custody and control of said child be awarded to the

appellant, St. Peter's Orphan Asylum Association, and that the appellant be authorized to give or withhold consent to any proposed adoption as provided in Section 36-110 of Tennessee Code Annotated.

Appellant has filed the following assignment of error:

"The Court erred in holding that Section 37-243 deprived Chancery Courts of the right to declare a child to be an abandoned child and to terminate the parental rights of the natural parents thereof because:

"1. Chancery Court has jurisdiction of the persons and estates of infants, which jurisdiction is conferred by Section 16-610 T. C. A.

"2. Chancery Court is a Court of competent jurisdiction authorized to decree a child to be an abandoned child, by the express provisions of Section 36-102 and 36-110 T. C. A.

"3. The right to adjudicate a child to be an abandoned child, in adoption proceedings, is conferred upon the Chancery Court by Section 37-243(3) T. C. A."

By Chapter 202 of the Public Acts of 1951, the General Assembly of Tennessee passed and enacted a complete and comprehensive revision of the law of adoptions and the procedure to be followed in adoption cases. Sections 36-101 through 36-137 of the Tennessee Code Annotated under the chapter title "Adoptions" are the codification of Chapter 202 of the Acts of 1951.

Section 36-105 authorizes petitions for adoptions to be filed in the Chancery or Circuit Courts and makes no provision for adoptions to be decreed in any other court.

Section 36-108 requires the parents or parent of the child to be made parties or party to the adoption proceedings unless such parents or parent shall have consented to the adoption in writing.

Section 36-110, as amended by the Acts of 1955, is as follows:

"36-110. Abandonment — Determination — Consent of parents.—In all cases where a court of competent jurisdiction has not heretofore terminated the parental rights and placed the child with the state department of public welfare or a licensed child-placing agency for adoption, then on written notice of not less than ten (10) days to the parent, parents, or guardian of the person, if the address be known, or if unknown, then by publication, as provided by law, the court in the adoption proceeding is hereby authorized to determine that an abandonment has taken place.

"If the parent, parents, or guardian of the person of the minor deny that an abandonment has taken place and there has been no previous adjudication of abandonment by a court of competent jurisdiction, this issue of fact shall be determined in the court considering the adoption; and if said court determines that the parent, parents, or guardian have abandoned said child, then the consent of the parent, parents, or guardian of the person shall not be required.

"A copy of the order of the court terminating the parental rights shall be filed in the proceeding with the petition, in which case consent shall be given or

withheld in accordance with sec. 36-112. (Acts 1951, ch. 202, sec. 5 (Williams, sec. 9572.19); 1955, ch. 320, sec. 1; 1957, ch. 292, sec. 1.)''

Section 36-112 provides as follows:

''36-112. Filing of consent makes consenting person party—Waiver of service — Appointment of agency to give consent.—When the consent of any person or agency is required under the provision of this chapter, the filing of such consent with the petition shall be sufficient to make the consenting person or agency a party of record to the proceeding.

''In the following instances written consent sufficient for the purposes of adoption filed with the petition shall be sufficient to make the person giving consent a party to the proceedings and no service of any process need be made upon such person:

''(a) When the parent, parents, or guardian of the person of the child, has in writing surrendered the child to the state department of public welfare, or to a licensed child-placing agency, and at the same time in writing has consented for the child to be placed for adoption, the department or the executive head of such agency may give consent to the adoption of the child by the petitioners. The commissioner of the state department of public welfare, through his authorized agents, or a licensed child-placing agency, may accept the surrender of a child.

''(b) If the court finds as a fact there is no person qualified to give consent, or that the child has been abandoned by one or both parents or by the guardian of the person of the child, or in any case where the

surrender has not been to a licensed child-caring agency, or to the state department of public welfare, the court shall appoint a licensed child-placing agency, or the county director of public welfare where the child resides to act in the proceeding as next friend of the child to give or withhold such consent. The court may make the appointment immediately upon such determination and forthwith may make such further orders as the court may deem proper. (Acts 1951, ch. 202, secs. 9, 11 (Williams, secs. 9572.23, 9572.25).)''

By Chapter 177 of the Public Acts of 1955 the General Assembly of Tennessee enacted a comprehensive procedure for the ''Disposition of delinquent, dependent, neglected and abandoned children.'' Under the title ''Juvenile Courts'' the provisions of Chapter 177 are codified in Tennessee Code Annotated as Sections 37-242 through 37-274.

Section 37-243 is as follows:

''37-243. Jurisdiction of juvenile courts.—The juvenile courts shall have original, exclusive jurisdiction of:

''(1) All cases to adjudicate a child dependent and neglected, delinquent and/or abandoned as defined in sec. 37-242, subsections (4) through (6) and to enter all proper orders and decrees, except that this does not deprive circuit and chancery courts of the right to adjudicate an abandonment, where abandonment has been alleged in a petition to adopt as is provided in chapter 1 of title 36.

"(2) All cases to appoint a guardian of the person of a child in accordance with sec. 34-201, except that in any county where there is or may hereafter be created a special juvenile court, the county court in such county shall have concurrent jurisdiction with such special juvenile court to appoint a guardian of the person of a child where such county court has assumed jurisdiction to appoint the guardian of the estate of such child.

"(3) All cases to terminate parental rights when a child is found to have been abandoned for four (4) consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child. Except that this does not deprive circuit and chancery courts of the right to adjudicate an abandonment where abandonment has been alleged in a petition to adopt as is provided in chapter 1 of title 36.

"(4) All cases to establish paternity of children born out of lawful wedlock, to provide for the support and education of such children, and to enforce its orders. (Acts 1955, ch. 177, sec. 2.)"

Section 37-260 provides as follows:

"37-260. Abandoned child—Custody—Adoption.— When any child shall be found to be abandoned and the parental rights terminated as provided in subsection (3) of sec. 37-243, the court shall award the complete custody control and guardianship of the child to the department of public welfare or a licensed child placing agency with the right to place the child for adoption and to consent to the adoption in loco parentis. (Acts 1955, ch. 177, sec. 19.)"

■ A study of the Code sections quoted above impels us to the opinion that the Chancery Court (and also the Circuit Court) has jurisdiction to declare a child an "abandoned child" only in a case in which abandonment has been alleged in support of a petition to adopt which is filed in the Chancery or Circuit Court.

In the statutes on adoption 36-101 through 36-137 in Tennessee Code Annotated the only provision or authority for the Chancery or Circuit Court to decree an abandonment is to be found in Section 36-110. This section provides in substance that if the child has not previously been declared to be an abandoned child then "the Court in the adoption proceeding is hereby authorized to determine that an abandonment has taken place."

It seems to us that the language of Section 37-243 is clear, explicit, and unambiguous. This section provides that the Juvenile Court shall have original, exclusive jurisdiction of all cases to declare a child abandoned except the Circuit or Chancery Courts may adjudicate an abandonment where abandonment has been alleged in a petition to adopt as is provided in Chapter 1 of Title 36 of Tennessee Code Annotated.

■ The petition in the present case did not contain a petition for adoption and therefore, does not come within the exception to the Juvenile Court's exclusive jurisdiction provided for in Section 37-243.

We see no conflict in the various sections of the Code and therefore, do not think it necessary to discuss the cases cited by appellant relating to the application of the various rules of statutory construction.

■ "The universal rule seems to be that if the actual language and provisions of the statute are plain and clear, and are devoid of contradiction or any affirmative ambiguity, so that the statute, as the result of the express provisions, is not reasonably susceptible of a two-fold meaning, then there is no room for applying any other rules or canon of construction to the act." Hickman v. Wright, 141 Tenn. 412, 210 S. W. 447, 448.

The nearest thing to a conflict is Section 16-610 of Tennessee Code Annotated. This section is found in the Code under the title "Chancery Courts" and provides as follows:

"16-610. Infants and guardians.—It has jurisdiction, concurrent with the county court, of the persons and estates of infants, and of the appointment and removal of guardians. (Code 1858, sec. 4299; Shan. sec. 6108; Code 1932, sec. 10376.)"

■ Section 41 of Chapter 202 of the Public Acts of 1951 relating to adoptions expressly repealed all laws and parts of laws in conflict with the provision of said Chapter 202. Likewise, Section 35 of Chapter 177 of the Public Acts of 1955 relating to delinquent, dependent, neglected and abandoned children expressly repealed all laws and parts of laws in conflict with Chapter 177. Hence we hold that Section 16-610, to the extent that it is in conflict with any of the provisions of Chapter 202 of the Acts of 1951 and/or Chapter 177 of the Acts of 1955, has been repealed.

The assignment of error must be respectfully overruled and the decree of the Chancellor affirmed.

Avery, P. J. (Western Section), and Bejach, J., concur.