Carleen Anderson COCKRELL, Appellant,

v.

Mr. and Mrs. Earl WOODS, Appellees.

Supreme Court of Tennessee.

Oct. 6, 1975.

Leech, Hardin & Knolton, Columbia, for appellant.

Shelton, Lawwell & DuBois, Columbia, for appellees.

OPINION

COOPER, Justice.

This is an appeal from a judgment entered in the County Court of Maury County appointing appellees, Mr. and Mrs. Earl Woods, custodial guardians of their granddaughter, Stacey Michelle Woods, age nine. Appellant, who is the natural mother of Stacey Woods insists that the county court does not have jurisdiction to appoint a custodial guardian for a minor child where, as in this case, there exists a previous award of custody of the child in a divorce action.

Appellees have moved in this court to dismiss the appeal on the ground that an appeal from a judgment of the county court is to the circuit court of the county and not to this court.

Generally, an appeal from the judgment of a county court goes to the circuit court of the county, unless otherwise expressly provided. T.C.A. 27–401. T.C.A. 27–402 provides for a direct appeal to the Court of Appeals or to this court, dependent upon the method of trial in the county court, in cases where "the jurisdiction of the county court is concurrent with the circuit or chancery courts," or in cases where the parties consent. The controlling question then is: Does either the circuit or chancery court have concurrent jurisdiction with the county court over the appointment of guardians of the person of a minor child? If so, the appeal *sub judice* would be to this court. If not, the appeal is to the Circuit Court of Maury County.

T.C.A. 16–610, adopted in the Code of 1858 and subsequent codes, undertakes to grant to the chancery court jurisdiction con-

current with the county court "of the appointment and removal of guardians." However, subsequent legislation has taken such jurisdiction from the chancery court and has granted concurrent jurisdiction of proceedings to appoint a guardian of the person of a minor to the county court and the juvenile court. T.C.A. 37–204 and T.C.A. 34–203. See chapter 177, Section 2(2) of the Public Acts of 1955, since repealed, which gave to the juvenile courts "original, exclusive jurisdiction of: . . . All cases to appoint a guardian of the person of a child in accordance with the Section 8476 (now T.C.A. 34–203) of the Code of Tennessee as amended by the Public Acts of 1951, Chapter 148, . . . ." Also see, *St. Peter's Orphan Asylum Association v. Riley,* 43 Tenn.App. 683, 311 S.W.2d 336 (1957), wherein it is pointed out that T.C.A. Section 16–610 was repealed to the extent that it was in conflict with any of the provisions of Chapter 177 of the Act of 1955.

Accordingly, appellees' motion to dismiss the appeal to this court is sustained, and the case is transferred to the Circuit Court of Maury County for consideration of the appeal. Costs in this court are adjudged against appellant, Carleen Anderson Cockrell, and her surety. Other costs will await the outcome of the appeal.

FONES, C. J., and BROCK and HARBISON, JJ., concur.

HENRY, J., not participating.