■ In the Matter of PATRICIA BESSETTE et al., Respondents, v SARATOGA COUNTY COMMISSIONER OF SOCIAL SERVICES, Respondent, and LINDA BUITRAGO-FALCON, Appellant. (And Another Related Proceeding.) [619 NYS2d 359] —Casey, J. Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered November 4, 1993, which granted petitioners' applications, in two proceedings pursuant to Family Court Act article 6, for visitation with their former foster children for a period of one year.

Petitioners in these two proceedings are the former foster parents of respondent's two children. After custody of the children was returned to respondent Linda Buitrago-Falcon (hereinafter respondent), petitioners commenced these proceedings for visitation with their respective former foster children. Concluding that former foster parents who have established "significant and long-term parental-like relations with foster children" have standing to seek visitation for a reasonable period of time after the children have been re-

turned to the custody of the biological parent, Family Court granted visitation to petitioners for a one-year period. Respondent appeals from Family Court's order.

Pursuant to Family Court Act § 651 (b), Family Court had jurisdiction over these proceedings for visitation. On the issue of standing, however, there is no statute which expressly gives former foster parents the right to maintain a proceeding for visitation (cf., Domestic Relations Law §§ 71 [siblings given right to seek visitation], 72 [grandparents given right to seek visitation]; Family Ct Act § 1081 [noncustodial parents and grandparents given visitation rights with a child in foster care]; Social Services Law § 383 [certain foster parents given right to seek adoption and to intervene in custody proceedings]). Family Court concluded that petitioners are parents within the meaning of Domestic Relations Law § 70 and, therefore, could seek visitation in the same manner as a biological parent. We disagree.

In Matter of Alison D. v Virginia M. (77 NY2d 651), the Court of Appeals held that the petitioner, who was neither the biological parent nor adoptive parent of a child born during the petitioner's six-year relationship with the child's mother, was not a parent within the meaning of Domestic Relations Law § 70 and had no right to seek visitation, which would limit or diminish the right of the concededly fit biological parent to choose with whom her child associates (supra, at 656). Petitioners' status as foster parents and their rights under Social Services Law § 383 (3) terminated upon their surrender of the children to respondent (see, Matter of Minella v Amhrein, 131 AD2d 578, 579). Thereafter, petitioners' rights were no greater, in our view, than those of the petitioner in Matter of Alison D. v Virginia M. (supra) or the former stepparent who was denied standing to seek visitation in Matter of Boland v Boland (186 AD2d 1065). Inasmuch as the standing issue must be resolved in petitioners' favor before the issue of the best interests of the children can be considered (see, Matter of Emanuel S. v Joseph E., 78 NY2d 178, 183), petitioners' argument that the visitation ordered by Family Court is in the children's best interests will not be considered.

Our holding should not be viewed as disparaging either petitioners' interest in the emotional well-being of their former foster children or the concerns expressed by Family Court. We hold only that, in the absence of any statutory grant of standing to former foster parents, petitioners have no right to seek visitation which would limit or diminish the

right of the biological parent, who has not been found to be unfit, to choose with whom her children associate *(see, Matter of Alison D. v Virginia M., supra).*

Mikoll, J. P., Crew III and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petitions dismissed.