[673 NYS2d 989]

In the Matter of LYNDA A. H., Respondent, v DIANE T. O., Appellant.

Fourth Department, June 10, 1998

APPEARANCES OF COUNSEL

*Marsha Hunt,* Syracuse, for appellant.

*Alderman & Alderman,* Syracuse (*Richard Alderman* of counsel), for respondent.

*Lucia B. Whisenand,* Syracuse, *Law Guardian.*

## OPINION OF THE COURT

BOEHM, J.

After living together for 17 years, petitioner and respondent decided to have a child and agreed that respondent would be artificially inseminated. The child was born on September 17, 1993. Together they planned for the birth of the child and agreed to share the rights and responsibilities of child rearing. The child was given petitioner's last name as her middle name and respondent's last name as her last name. Both parties

participated in rearing the child and contributed to her financial support. The child called petitioner "omi" (i.e., other mommy). In February 1997, when the child was 3½ years old, the parties jointly filed an adoption petition in Family Court to enable petitioner to adopt the child. However, in October 1997, the parties' relationship ended, and respondent and the child moved out of the house they had shared with petitioner. Respondent revoked her consent to the adoption, and the court *sua sponte* dismissed the adoption petition. Thereafter, petitioner commenced this proceeding pursuant to Family Court Act § 651, seeking custody or, in the alternative, visitation with the child.

The issues on this appeal are whether petitioner, who is not a parent of the child, has standing to obtain custody of or visitation with the child in the absence of extraordinary circumstances, and whether Family Court has the authority to set the fee of the Law Guardian and require that the fee it sets be paid by the parties.

▮ Family Court erred in denying respondent's motion to dismiss the petition and in awarding temporary visitation to petitioner. It has long been the law in this State that, as between a biological parent and a nonparent, the parent has a superior right to custody of a child "that cannot be denied unless the nonparent can establish that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Michael G. B. v Angela L. B.*, 219 AD2d 289, 291, quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544; *see, Matter of Michael B.*, 80 NY2d 299, 309; *Matter of Male Infant L.*, 61 NY2d 420, 426-428; *Matter of Merritt v Way*, 58 NY2d 850; *Matter of Dickson v Lascaris*, 53 NY2d 204, 208-209). The nonparent has the burden of proving that extraordinary circumstances exist. "[U]ntil such circumstances are shown, the court does not reach the issue of the best interests of the child" (*Matter of Michael G. B. v Angela L. B.*, *supra*, at 291). Here, petitioner has failed to show that respondent relinquished her superior right to custody. Although the proof that is necessary to establish extraordinary circumstances "cannot be precisely measured" (*Matter of Michael G. B. v Angela L. B., supra*, at 292), it is insufficient to show that the child has bonded psychologically with the nonparent (*see, Matter of Burghdurf v Rogers*, 233 AD2d 713, 715, *lv denied* 89 NY2d 810; *Matter of Gray v Chambers*, 222 AD2d 753, 754, *lv denied* 87 NY2d 811; *Matter of Michael G. B. v Angela L. B.*,

*supra,* at 292; *Matter of Bisignano v Walz,* 164 AD2d 317, 320). Absent evidence that respondent has abandoned, surrendered or otherwise forfeited her parental rights, "the inquiry ends" (*Matter of Male Infant L., supra,* at 427).

■ Further, petitioner, who is neither the biological nor adoptive parent, lacks standing to seek visitation of the child, who is properly in the custody of her biological mother (*see, Matter of Alison D. v Virginia M.,* 77 NY2d 651; *Matter of Ronald FF. v Cindy GG.,* 70 NY2d 141; *Matter of Boland v Boland,* 186 AD2d 1065). The award of temporary visitation to petitioner impermissibly impaired respondent's right to custody and control of the child.

Contrary to the contention of petitioner and the Law Guardian, the custody and visitation rights of petitioner in a proceeding commenced under Family Court Act § 651 are no greater than those of the petitioner in *Matter of Alison D. v Virginia M.* (*supra*), who commenced her proceeding pursuant to Domestic Relations Law § 70. The strong policy considerations in New York regarding custody and visitation are not affected by the statute under which a proceeding is brought. We reject the contention of petitioner that she has standing in this proceeding because of her pending motion to vacate the dismissal of the adoption petition.

■ The court exceeded its statutory authority in directing the parties to pay the legal fees and expenses of the Law Guardian. Family Court is a court of limited jurisdiction, and it may not exercise powers beyond those granted to it by statute (*see, Matter of Howard v Janowski,* 226 AD2d 1087). The Family Court Act provides that "law guardians shall be compensated and allowed expenses and disbursements in the same amounts established by [Judiciary Law § 35 (3)]" (Family Ct Act § 245 [c]). Family Court's authority to award compensation to Law Guardians is limited by section 35 of the Judiciary Law. Judiciary Law § 35 (3) provides that assigned counsel in original proceedings shall be compensated at the conclusion of his or her representation at a rate not exceeding $40 per hour in court and $25 per hour out of court up to a maximum of $800, unless extraordinary circumstances are shown, and shall be reimbursed for reasonable expenses. "All expenses for compensation and reimbursement under [Judiciary Law § 35] shall be a state charge to be paid out of funds appropriated to the administrative office for the courts for that purpose" (Judiciary Law § 35 [5]). Thus, although the court properly exercised its discretion in appointing a Law Guardian to represent the

child (*see*, Family Ct Act § 249 [a]), it had no authority to compel the parties to pay the Law Guardian's legal fees and expenses (*see*, Marnell, Outside Counsel, *Authority of Court to Order Party To Pay Fees of Law Guardian*, NYLJ, Aug. 15, 1996, at 1, col 1).

Accordingly, the order should be reversed, the motion granted, and the petition dismissed.

GREEN, J. P., LAWTON, WISNER and CALLAHAN, JJ., concur.

Order unanimously reversed, on the law, without costs, motion granted, and petition dismissed.