84 Cal.Rptr.2d 48 (1999)
71 Cal.App.4th 524
Guardianship of Z.C.W. and K.G.W.
Kathleen C, Petitioner and Appellant,
v.
Lisa W., Objector and Respondent.
No. A079097.
Court of Appeal, First District, Division Four.
April 19, 1999.
Rehearing Denied May 18, 1999.
Review Denied July 21, 1999.[**]
*49 Jennifer Jackson, Law Offices of James P. Preovolos, San Francisco; Law Office of Alice Philipson, Alice Philipson, Attorney at Law, Berkeley; E. Elizabeth Summers, Bien & Summers LLP, Oakland, for Petitioner and Appellant Kathleen C.
Shannon Minter, for National Center for Lesbians Rights, as Amicus Curiae on behalf of Petitioner and Appellant.
Kelli M. Evans, for American Civil Liberties Union Foundation of Northern California, Inc., as Amicus Curiae on behalf of Petitioner and Appellant Kathleen C.
Carol Amyx, Berkeley, Attorney at Law, for Objector and Respondent Lisa W.
Shannan L. Wilber, for Youth Law Center, as Amicus Curiae on behalf of Minors.
Joan Heifetz Hollinger, Professor, as Amicus Curiae on behalf of Minors.
Donna Furth, Attorney at Law, San Francisco, as Amicus Curiae on behalf of Minors.
Claudia Jackson and Karen Jones-Mason, San Francisco, Legal Services for Children, as Amicus Curiae on behalf of Minors.
Shawna Schwarz, Legal Advocates for Children & Youth, for the Youth Law Center, Joan Heifetz Hollinger, Legal Services for Children, Legal Advocates for Children and Youth, and the Northern California Association of Counsel for Children, Amicus Curiae in support of the minor children, Z.C.W. & K.G.W.
Certified for Partial Publication.[*]
HANLON, P.J.
In this guardianship proceeding, Kathleen C. (appellant), seeks visitation rights with the children of respondent Lisa W. She contends that she is entitled to visitation rights despite the objections of respondent, the children's biological mother, because she is the lesbian de facto parent of the children. We conclude that this issue is more appropriately addressed to the Legislature and that appellant is not entitled to any relief here.

FACTUAL BACKGROUND
In 1984, the parties became involved in a lesbian relationship and began living together in February 1985. Respondent's daughter, K.G.W., then almost three years old, lived with them. In 1986, the parties decided to have another child, and respondent became pregnant by artificial insemination. Z.C.W. was born in 1987 and the parties gave the child appellant's surname as a middle name. Appellant was regularly involved in the parenting and support of both children until the parties separated in 1990.
The parties thereafter agreed to a visitation agreement under which appellant had the children on alternate weekends. Appellant regularly visited with the children until November 1994 when respondent terminated the agreement. Appellant continued to maintain contact with the children through letters and occasionally spoke with K.G.W. on the telephone. In early 1996, appellant visited with the children surreptitiously on several occasions. Respondent learned of these visits and sought a restraining order under the Domestic Violence Prevention Act (Fam. Code, §6200 et seq.). In that action, the trial court issued a temporary restraining order on April 25, 1996 against appellant in favor of respondent and her children, preventing appellant from contacting them. Following a hearing, the court granted a restraining order against appellant for a one year period to July 1,1997, prohibiting appellant from contacting respondent and her children.
On August 15, 1996, appellant filed a petition for guardianship of the children. She contended that she was the children's de facto parent and that the children were being harmed because of respondent's decision to sever their relationship with her. Respondent moved to dismiss the petition, arguing that the restraining order precluded a guardianship *50 and that there were no grounds for guardianship because appellant could not prove that respondent's parental custody was detrimental to the children. On September 27, 1996, the court deferred ruling On the motion, appointed counsel for the children, and set the matter for hearing on October 28, 1996. The trial court ultimately denied the motion on procedural grounds.
A trial on the guardianship petition proceeded on March 24, 1997. The trial court found that appellant was a de facto and psychological parent of the children during the time she lived with respondent but that she subsequently lost that status. The court denied the petition for a guardianship, finding that there was no evidence of "any detriment of significance" to the children in their remaining with respondent without visitation with appellant. The trial court subsequently denied respondent's application for an award of attorney's fees and costs as sanctions. The court further ordered that each party pay $4,500 toward the fees incurred by the court-appointed attorney for the children.

DISCUSSION

I.
The courts of appeal have previously decided that a lesbian partner who is not a biological or adoptive parent is not entitled to custody of children conceived during a samesex bilateral relationship. In Curiale v. Reagan (1990) 222 Cal.App.3d 1597, 272 Cal. Rptr. 520, the court held that a nonparent had no standing to assert a claim for custody or visitation as against a child's natural mother upon termination of the lesbian relationship. The court explained that "[j]urisdiction to adjudicate custody depends upon some proceeding properly before the court in which custody is at issue such as dissolution (Civ.Code, § 4350 et seq.), guardianship (Prob.Code, § 1400 et seq.), or dependency (Welf. & Inst.Code, §§ 600, 725-729).... The Legislature has not conferred upon one in plaintiffs position, a nonparent in a samesex bilateral relationship, any right of custody or visitation upon termination of the relationship." (Id. at p. 1600, 272 Cal.Rptr. 520.) Similarly, the court in West v. Superior Court (1997) 59 Cal.App.4th 302, 309, 69 Cal. Rptr.2d 160, held that the courts have no jurisdiction to entertain the petition of a nonparent in a lesbian relationship for custody and visitation rights. Finally, in Nancy S. v. Michele G. (1991) 228 Cal.App.3d 831, 836, 279 Cal.Rptr. 212, Division One of this court held that a lesbian partner who was not the adoptive or biological parent of children conceived during a lesbian relationship was not entitled to seek custody or visitation of the children under the Uniform Parentage Act (Civ.Code, Former § 7000 et seq.).
Appellant's attempt to obtain visitation rights through a guardianship also fails. As the trial court recognized, there are no cases granting a guardianship in the absence of clear and convincing evidence that parental custody is detrimental to the children. (See Fam.Code, § 3041; In re B.G. (1974) 11 Cal.3d 679, 699, 114 Cal.Rptr. 444, 523 P.2d 244.) A finding that an award of custody to the parents would be detrimental to the child is essential before a court may make an order granting custody to a nonparent. (Ibid.) Further, there is no statutory authority for a limited guardianship providing for visitation rights to a nonparent. The issue is one that must be addressed to the Legislature.
Finally, appellant cannot prevail on her argument that she is entitled to visitation rights because she is a de facto parent of the children. The term, de facto parent, has its genesis in the juvenile dependency system and generally has been used to refer to foster parents caring for dependent children. (See In re B.G., supra, 11 Cal.3d at p. 692, 114 Cal.Rptr. 444, 523 P.2d 244.) The definition of a de facto parent as used in juvenile dependency proceedings and the limited rights of de facto parents are set forth in Cal. Rules of Court, rules 1401, 1410 and 1412, respectively. As the California Supreme Court has explained, "[t]he de facto parenthood doctrine simply recognizes that persons who have provided a child with daily parental concern, affection, and care over substantial time may develop legitimate interests and perspectives, and may also present a custodial alternative, which should not be ignored in a juvenile dependency proceeding. The standing accorded de facto parents has no *51 basis independent of these concerns." (In re Kieshia E. (1993) 6 Cal.4th 68, 77-78, 23 Cal.Rptr.2d 775, 859 P.2d 1290, emphasis added.) The courts nonetheless have recognized de facto or psychological parent status in guardianship and custody proceedings when there was clear and convincing evidence that the continued custody of a child by the biological parents was detrimental to the child. (See, e.g., Guardianship of Phillip B. (1983) 139 Cal.App.3d 407, 420-421, 188 Cal.Rptr. 781 [de facto or psychological parents of Down's Syndrome child granted guardianship over objection of child's biological parents, who neglected child's health needs and remained physically and emotionally detached from him]; In re Volkland (1977) 74 Cal.App.3d 674, 679-680, 141 Cal. Rptr. 625 [award of custody to grandmother who was the de facto parent proper where there was a showing that an award of custody to the child's mother would be detrimental to the child].) Aside from dependency cases and those specific instances in guardianship and custody proceedings where there was clear and convincing evidence that parental custody was detrimental to a child, California courts have not accorded de facto parent status to a nonparent over the objection of the biological parents. (See Nancy S. v. Michele G., supra, 228 Cal.App.3d at p. 837, 279 Cal.Rptr. 212 and cases cited therein [recognizing that even if a lesbian partner was granted de facto parent status, she would not be entitled to custody in the absence of a finding that parental custody was detrimental to the children].) Hence, although appellant exhibited the characteristics of a de facto parent during her relationship with respondent, absent any legislative or case authority granting a nonparent visitation rights over the objection of the biological parent and in the absence of any showing of detriment to the child, we cannot grant those rights here.[1]
As is true of most family law cases, this is a difficult case for all involved and we encourage the parties, as did the trial court, to resolve their differences for the benefit of the children.

II.[***]

DISPOSITION
The judgment is affirmed. Costs are awarded to respondent.
POCHE, J., and REARDON, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.
[**] Mosk, J., and Brown, J., dissented.
[1] Inasmuch as appellant is not a de facto parent, she cannot establish that she was denied constitutional rights to equal protection, free association and due process.
[***] See footnote *, ante.