## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JOANNE THOMPSON BARRETT | ) | |
| | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Appeal No. |
| | ) | 01A01-9806-CV-00295 |
| v. | ) | |
| | ) | Rutherford Chancery |
| MARILYN YOUNG HILL | ) | No. 97CV-1314 |
| | ) | |
| Defendant/Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT
## OF RUTHERFORD COUNTY

## THE HONORABLE ROBERT E. CORLEW PRESIDING

JEFF REED
MURFREE, COPE, HUDSON & SCARLETT
16 Public Square North
P.O. Box 884
Murfreesboro, TN 37133

ATTORNEY FOR THE PLAINTIFF/APPELLEE

DONALD ARKOVITZ
332 White Bridge Road
Nashville, TN 37209

ATTORNEY FOR THE DEFENDANT/APPELLANT

**AFFIRMED AND REMANDED**

PATRICIA J. COTTRELL, JUDGE

CONCUR:

CANTRELL, P. J.
CAIN, J.

# OPINION

This case involves a dispute between neighbors over a sewer line. The Defendant, Marilyn Hill, appeals the trial court's finding of an easement by implication in favor of the Plaintiff, Joanne Barrett, across Ms. Hill's property for the purpose of connecting Ms. Barrett's property to the city sewer line. We affirm the trial court.

The parties own adjacent lots in Murfreesboro. Ms. Barrett owns a house and lot at 206 West Chestnut Street ("Barrett property"). Ms. Hill owns a house and lot at the corner of West Chestnut Street and North Maple Street at 601 North Maple Street ("Hill property"). It is undisputed that these tracts were a single lot until they were subdivided by Roy Byrn, a prior owner. By deed recorded July 8, 1970, Mr. Byrn transferred to Mr. and Mrs. Smith the house and lot designated as 206 West Chestnut Street, (the Barrett property), "this being the Southwest corner of the entire tract conveyed by Katherine J. Overall et al. to Roy G. Byrn." In 1986, Mr. Smith transferred the property to his son, who sold it to the Drews in 1989. The Drews sold it to Ms. Barrett (then Ms. Thompson) in 1990.

In 1972, Mr. Byrn's estate and widow sold the Hill property to the Bryants. The property was described as a "Vindale 24x60 home and lot of ground designated as No. 601 North Maple Street" and as "the eastern portion of the property conveyed by Katherine J. Overall et al. to Roy G. Byrn." In 1976, the Bryants sold the property to Ms. Young (now Ms. Hill), and the deed also conveyed "a Vindale 24x60 home, a lot of ground known and designated as 601 North Maple Street."

The Hill property faces North Maple Street. The Barrett property faces West Chestnut Street. A city sewer line runs under North Maple Street. No such line runs under West Chestnut Street.

For many years both tracts of land were serviced by a single connection to the city sewer line, and the properties' sewer line transversed both tracts of land and connected to the city line under North Maple Street. The city's records show that the line for 601 Maple Street was connected to the city sewer line in 1929. At that time, the Barrett property and the Hill property, being one tract, had the

**3**

same address.  A customer service fee was paid in 1968 for sewer service at 206 West Chestnut.  The single line going to the city's line was apparently originally created to service the Barrett lot, which is located behind the Hill lot from Maple Street.

In the 1990's both parties began experiencing problems with their sewer service.  Ms. Hill hired a contractor who replaced the connection to her home.  In April, 1997, it was discovered that the Barrett 's sewer line was no longer connected to the city sewer, it having been severed or otherwise disconnected.  Sewage was running into the ground on the Hill property.

When the city of Murfreesboro became aware of the situation, it issued a Repair Order directing the parties to repair the severed line.  Ms. Hill refused to allow Ms. Barrett to run a new sewer line across her land, and appealed the Repair Order to the Construction Board of Adjustments and Appeals of the City of Murfreesboro.  After Ms. Hill lost her appeal, Ms. Barrett made several written attempts to obtain permission to effect the necessary repairs. Ms. Hill refused to cooperate.

Unable to obtain Ms. Hill's cooperation,  Ms. Barrett sued, alleging that Ms. Hill had tortiously cut her sewer line, and also alleging that an easement by implication existed such that she had the right to run a new sewer line across Ms. Hill's property.

After a hearing, the trial court found that the evidence did not support a finding that  Ms. Hill had tortiously severed the sewer service to Ms. Barrett's property.  However, it did find that an easement by implication existed, and ordered that Ms. Barrett be allowed to run a sewer line across Ms. Hill's property.  In addition, the trial court awarded Ms. Barrett $850 in compensatory damages for lost rent for the period  when her property was uninhabitable.  Ms. Hill now appeals the trial court's finding of an easement by implication, and the award of money damages.

Since this case was heard by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court.  Unless the evidence preponderates against the findings, we must affirm, absent error of law.  Tenn. R. App. P. 13(d).

An easement is an interest in another's real property that confers on the easement's holder an enforceable right to use that real property for a specific use. *See Bradley v. McLeod*, 984 S.W.2d 929, 934 (Tenn. App. 1998) (citing *Brew v. Van Deman*, 53 Tenn. (6 Heisk.) 433, 436 (1871)).

In Tennessee, easements can be created in several ways: (1) express grant; (2) reservation; (3) implication, (4) prescription; (5) estoppel, and (6) eminent domain. *See Pevear v. Hunt*, 924 S.W.2d 114, 115-116 (Tenn. App. 1996).

An easement by implication arises upon the severance of a single piece of land into separately owned parts as an inference of the intention of the parties to the conveyance. The easement arises, if at all, by implication from the circumstances under which the conveyance was made. *See* Restatement of Property § 474 (1944); *LaRue v. Greene County Bank*, 179 Tenn. 394, 407, 166 S.W.2d 1044, 1049 (1942).

> Easements by implication are not favored and are exceptions to the general rule that easements must be created either by an express writing or by prescription. *See Cole v. Dych*, 535 S.W.2d 315, 318 (Tenn. 1976); *Lively v. Noe*, 62 Tenn. App. 218, 222, 460 S.W.2d 852, 854 (1970). Unlike express easements, they take into account the prior use made of conveyed land. They ordain the perpetuation of that use on the general principle that property is usually passed along with its burdens and that the parties, as evidenced by their actions, understood that their property was thus conveyed. *See* Roger A. Cunningham, et al., *The Law of Property* §§ 8.4–8.5 (1984); 2A James Casner, *American Law of Property* §§ 8.31-8.38 (1952). Courts may find an easement by implication as a matter of practical necessity when refusing to recognize such an easement leaves a tract of property otherwise inaccessible. *See* Tenn. Code Ann. §§54-14-101, 117 (1993); *Cianciolo v. Chapman*, 49 Tenn. App. 33, 41, 350 S.W.2d 80, 83 (1961).

*Bradley*, 984 S.W.2d at 934-935.

Various elements are essential to create an easement by implication upon the severance of the

unity of ownership in an estate.  They are:  (1) a separation of the title; (2) a necessity that, before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; and (3) a necessity that the easement be essential to the beneficial enjoyment of the land granted or retained; and  (4) continuous, as distinguished from temporary or occasional servitude.  *See Johnson v. Headrick*, 237 S.W.2d 567, 570 (Tenn. App. 1948); *See also* 28A C.J.S. *Easements* § 63 (1996).

The record herein shows that the Barrett and Hill properties once made up a single piece of land owned by one person, Mr. Byrn.  His sale in 1970 of the lot and house now owned by Ms. Barrett separated the property.  Prior to that separation, both lots were connected to the city sewer line which runs along Maple Street.  The sewer line serving the Barrett property crossed the lot that is now the Hill property.  The sewer line was continuously in use from prior to the severance of the parcel until the sewer line was severed or otherwise disconnected.

In some jurisdictions, the requirement that the easement be essential to the beneficial enjoyment of the land is interpreted to require "strict" or "absolute" necessity.  Herein, Ms. Hill argues that the trial court erred because there were other possible routes by which Ms. Barrett could have reestablished sewer service.  In support of this argument  Ms. Hill cites *Brown v. Berry*, 46 Tenn. 98 (1868).  To the extent that Ms. Hill relies on *Brown* for the proposition that easements by implication are only appropriate where there is strict or absolute necessity, that is no longer the law in Tennessee.

Since 1868,  Tennessee jurisprudence has evolved beyond the rule of "strict" or "absolute" necessity, in favor of a rule requiring reasonable necessity.  For an easement to arise by implication, it must be of such necessity that the easement is presumed to have been within the contemplation of the parties at the time of the severance.  *LaRue*, 166 S.W.2d at 1049;  *see also Morris v. Simmons,* 909 S.W.2d 441, 445 (Tenn. App. 1993); *Line v. Miller*, 43 Tenn. App. 349, 309 S.W.2d 376, 378 (1957); *Johnson*, 237 S.W.2d at 570.

In *Lively v. Noe*, 496 S.W.2d 852 (Tenn. App. 1970), this court adopted the prevailing rule:

> Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude is in use at the time of severance and is necessary for the reasonable enjoyment of the other part, on a severance of the ownership a grant of the right to continue such use arises by implication of law. Similarly, where the owner of property, one part of which has been subjected to such a use for the benefit of another part, sells both parts to different purchasers, the respective portions granted are subject to or benefitted by, as the case may be, an easement corresponding to such use.

*Lively*, 496 S.W.2d at 854-55 (quoting 25 Am.Jur.2d *Easements and Licenses*, § 271).

An easement by implication for underground sewer lines is a recognized application of the general rule. *See* 7 Thompson on Real Property § 60.03(b)(4)(i) (Thomas ed. 1994); *Van Sandt v. Royster*, 83 P.2d 698, 702-703 (Kan. 1938).[1] In *Line v. Miller*, this court announced that with respect to subterranean drains (a sewer line in that case) "the test of necessity is whether the party claiming the right can, at reasonable cost, create a substitute on his own estate." *Miller*, 349 S.W.2d at 377 (quoting 28 C.J.S. *Easements* § 33); *see also Jones v. Ross*, 388 S.W.2d 640, 645 (Tenn. App. 1963) (applied test for necessity set out in *Miller*).

In the instant case, Sam Bates, the Operations Manager for the City of Murfreesboro Water and Sewer Department testified as a witness for Ms. Barrett. He testified that the route of the sewer line ordered by the trial court was the only practical means to reconnect Ms. Barrett's property to the city sewer system. Mr. Bates testified that the other routes proposed by Ms. Hill were not practical, in view of the topography of the area because the sewer line was gravity driven. He testified that running the line to West Chestnut Street would be much more expensive than running the line across Ms. Hill's property because it would involve excavating and repaving the street which, apparently, the city would charge to Ms. Barrett. Regardless of the relative economic impacts involved, we are of the opinion that since the City had no sewer line running down Chestnut Street, Ms. Barrett would not be able to create a substitute on her own property. The evidence does not preponderate against trial court

's finding that reasonable necessity exists in this case.

Therefore, we are convinced that at the time of the severance of title an easement by implication was created in favor of the Barrett property.

II

Having determined that an easement by implication was created in favor of the Barrett property (the dominant tenement) at the time unity of title was severed (when Mr. Byrn sold that lot), the only remaining issue is whether the easement can be enforced against the Hill property (the servient tenement). One of the requirements for establishment of an easement by implication is that the use be so obvious or apparent that it demonstrate an intent that it was meant to be permanent. We have no difficulty concluding that Mr. Byrn had actual knowledge of the sewer line which served the Barrett property when he sold it in 1970 since he apparently had the line installed when he owned both lots.

It is not clear that Ms. Hill was aware of the sewer line crossing her property when she purchased her lot. The testimony is somewhat contradictory, but the trial court dismissed Ms. Barrett's tort claim on the basis of his finding that Ms. Hill did not have notice that they shared a common sewer line. In *Line v. Miller*, this court decided no easement by implication existed and so found it "unnecessary to consider the rights of an innocent purchaser without notice[2] of the land on which a subterranean line is located." *Miller*, 309 S.W.2d at 377.

A number of other jurisdictions have addressed the issue of whether a bona fide purchaser without notice of an existing easement takes subject to that easement. While courts in some jurisdictions have held that the owner of a dominant estate cannot enforce his or her right to an easement by implication against a bona fide purchaser for value, who took without knowledge,[3] other jurisdictions have held that once an easement by implication in underground pipes has been established, at the time of severance of title, the easement is good as against the subsequent purchaser of the servient estate.[4] We think this question is answered in Tennessee by the nature of this easement.

As explained in *Pevear v. Hunt:*

>  Easements can be divided into two broad classes, easements appurtenant, and easements in gross.  In an easement appurtenant, there are two tracts of land, the dominant tenement, and the servient tenement.  The dominant tenement benefits in some way from the use of the servient tenement.  Easements in gross are simply a personal interest or right to use the land of another which does not benefit another property, or dominant estate, thus easements in gross usually involve only one parcel.  An easement appurtenant to land is favored over an easement in gross in Tennessee.  *Goetz v. Knoxville Power & Light Co*., 154 Tenn. 545, 290 S.W. 409 (1926).

*Pevear*, 924 S.W.2d at 116.

The easement created in this case is  appurtenant to the land.  An easement appurtenant attaches to, passes with, and is an incident of ownership of the parcel that is the dominant tenement.  *See* 7 Thompson on Real Property § 60.07(b)(1).  The successor in title to an appurtenant easement may enforce it.  *See Goetz v. Knoxville Power & Light Co.*, 154 Tenn. 545, 560, 290 S.W. 409 (1926).  An incorporeal appurtenance to a parcel of land, such as an easement, passes with title to the land, and the successor in title becomes the owner of the use protected by the easement and has the right to enforce it.  *See Jones v. Ross*, 388 S.W.2d at 650.

As stated in *Bradley v. McLeod*, easements by implication ordain the perpetuation of the prior use "on the general principle that property is usually passed along with its burdens," *Bradley,* 984 S.W.2d at 934.  Where a single owner sells portions of his or her property to two different purchasers,  "the respective portions granted are subject to or benefitted by, as the case may be, an easement corresponding to such use." *Lively*, 460 S.W.2d at 855.  Thus, not only did the easement's benefits pass with title to the dominant tenement, but its burdens also passed with title to the servient tenement.

In conclusion, we find that an easement by implication was created at the time of the severance of ownership of the two parcels in 1970 by which the Barrett property has the right to use the Hill

property for the purpose of running a sewer line to the city sewer line on Maple Street. Because the easement is appurtenant to the Barrett property, this right to use the Hill property passed with the land and is enforceable by Ms. Barrett. We affirm the trial court's finding and enforcement of the easement.

## III

At oral argument, Ms. Hill raised an issue regarding the award of money damages, which was not included in her brief. Although the appellant has not complied with the technical requirements of Tenn. Ct. App. R. 6(a), we will deal with the issue on the merits. Ms. Hill contends that since the trial court found that she did not tortiously sever Ms. Barrett's sewer line, an award of damages was not appropriate. However, the trial court made it clear that the $850 award was for lost rent during the interval of time when Ms. Hill refused to cooperate with Ms. Barrett to effect the necessary repairs, even after she lost her appeal of the city's Repair Order to the Construction Board of Adjustments and Appeals. Based on that finding we are unable to say that the evidence in the record preponderates against the ruling of the trial court.

We hereby affirm the order of the trial court, and remand this case for any further proceedings that may be necessary. Costs of this appeal are taxed to the Appellant.

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M. S.

_____
WILLIAM B. CAIN, JUDGE