■ In the Matter of JANIS C., Respondent, v CHRISTINE T., Appellant. [742 NYS2d 381] —In a child visitation proceeding pursuant to Family Law article 6, the mother appeals from an order of the Family Court, Westchester County (Cooney, J.), dated January 3, 2001, which, inter alia, denied her motion to dismiss the petition for lack of standing, and granted the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion to dismiss the petition for lack of standing is granted, and the proceeding is dismissed.

In 1993, Janis C. and Christine T. committed themselves to be partners for life in a formal commitment ceremony, which was conducted by an ordained minister and attended by about 50 friends and relatives. Approximately two years later, the women decided to raise children together and agreed that Christine T., who was younger, would be artificially inseminated and stay home with the children, while Janis C. would support the family. Before the children were born, Christine T. executed a will and other documents which, inter alia, appointed Janis C. as the "coparent" and "adoptive parent" of the children in the event of her incapacity or death. On March 13, 1996, Christine T. gave birth to a boy named Brandon Philip T.-C., and on February 20, 1998, Christine T. gave birth to a girl named Juliette Marcella T.-C. Together, Christine T. and Janis C. chose the children's names, godparents, pediatrician, and school. They lived in the same household and shared holidays, birthdays, and vacations together. Both parties considered themselves, and were considered by others, to be the "mothers" of the children. This arrangement continued until November 1999, when Christine T. suddenly left with the children and refused to allow Janis C. to visit them.

In December 1999 Janis C. commenced this proceeding pursuant to Family Court Act article 6, seeking visitation with Brandon and Juliette. Christine T. moved to dismiss the petition on the ground that Janis C., who was not their biological or adoptive parent, did not have standing to seek visitation. In opposition to the motion, Janis C. argued that Christine T. was

barred by the doctrine of equitable estoppel from contesting standing because she had actively encouraged the parental bond between Janis C. and the children, they had lived together as a family for several years, and Janis C. had assumed a full panoply of parental obligations. In other words, Janis C. claimed that she was entitled to visitation based on her status as a "parent by estoppel," "de facto parent," or "psychological parent."

In an order entered June 6, 2000, the Family Court, Westchester County (Cooney, J.), denied the motion of Christine T. to dismiss the petition and, in effect, directed a bifurcated hearing to determine whether Janis C. had standing to seek visitation and whether visitation was in the best interests of the children (*see Matter of J.C. v C.T.*, 184 Misc 2d 935). Based on the evidence adduced at those hearings, the Family Court invoked the doctrine of equitable estoppel to give Janis C. standing, determined that she had become a "psychological parent" to the children and that visitation would be in their best interests.

In general, the doctrine of equitable estoppel is "imposed by law in the interest of fairness to prevent the enforcement of rights which would work a fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184). An estoppel defense may also be invoked where the failure to promptly assert a right has given rise to circumstances rendering it inequitable to permit the exercise of that right (*see Matter of Ettore I. v Angela D.*, 127 AD2d 6, 12).

Although the doctrine of equitable estoppel has been applied as a defense in various proceedings involving paternity, custody, and visitation, it does not apply in the present case. The outcome of this case is governed by this Court's decision in *Matter of Speed v Robins* (288 AD2d 479, *lv denied* 97 NY2d 613), which followed the precedent set in *Matter of Alison D. v Virginia M.* (155 AD2d 11, *affd* 77 NY2d 651; *see also Matter of Multari v Sorrell*, 287 AD2d 764; *Matter of Lynda A.H. v Diane T.O.*, 243 AD2d 24). Any extension of visitation rights to a same sex domestic partner who claims to be a "parent by estoppel," "de facto parent," or "psychological parent" must come from the New York State Legislature or the Court of Appeals. Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.