Emma H. v Mildred N. (2006 NY Slip Op 51561(U))

[*1]

Emma H. v Mildred N.

2006 NY Slip Op 51561(U) [12 Misc 3d 1193(A)]

Decided on August 11, 2006

Family Court, Suffolk County

Lynaugh, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 11, 2006

Family Court, Suffolk County
Emma H., Petitioner,
against
Mildred N. and Danny N., and Daniel N., Respondents.
XXXX

COUNSEL FOR PETITIONER
Scheyer & Jellenik
110 Lake Avenue South, Suite 46
Nesconset, New York 11767
COUNSEL FOR DANIEL N.
Kevin G. McClancy, Esq.
Legal Aid Society of Suffolk County
889 East Main Street
Riverhead, New York 11901
COUNSEL FOR RESPONDENTS
MILDRED AND DANNY N.
Catherine C. DeSanto, Esq.
431 Griffing Avenue
Riverhead, New York 11901
LAW GUARDIAN
Elizabeth A. Pfister, Esq.
P.O. Box 596
52 Red Bridge Road
Center Moriches, New York 11934

Barbara Lynaugh, J.
In this contested visitation proceeding, respondents (custodial paternal [*2]grandparents) have moved, by notice of motion dated 7/20/06, for an order dismissing a petition, filed 6/19/06, in which the petitioner seeks visitation with the subject children, Danasia N., born 7/13/00, and Xavier N., born 1/16/03. Although the petitioner alleges in her petition that she is the maternal grandmother of the subject children, she admits in her opposition papers that she is, in fact, unrelated to the children. Respondents move to dismiss alleging a lack of standing.
Having reviewed the moving papers (numbered 1 to 21) and the papers in opposition (numbered 22 to 29), as well as the underlying proceedings herein, and upon due deliberation, the court finds as follows.
Paternal grandparents were granted custody of the children by order of this court (McElligot, J.H.O.), dated 11/25/03. Father Daniel N. was incarcerated at the time and charged with murdering his wife Tara N., the children's mother. Father was recently convicted, after trial, of second degree murder and is serving a 25 years to life sentence. Petitioner, the former custodian of deceased mother, has brought this application alleging that she was "very close to the children and their mother" and should therefore be awarded visitation because she "should be able to continue seeing" the children.
Petitioner acknowledges that since their mother's death on 9/3/03, the children have resided with respondents. Petitioner has had no contact with the children since the fall of 2005, when respondents allegedly refused to allow petitioner to have any access to the children.
Petitioner argues that, prior to this time, she had enjoyed a "close loving relationship" and frequent contact with the children. She maintains that the children addressed her as "Nannie," as did her biological grandchildren and that the children were treated the same as her grandchildren.
 Were the Court to be solely concerned (as, perhaps, it should be) with the children's best interests and the maintenance of essential, nurturing relationships in these young children's lives (particularly following the tragic death of their mother and the incarceration of their father), petitioner would be entitled to a hearing on these issues. Unfortunately, that is not yet the law of this State. Unless the individual seeking visitation is either a biological or adoptive parent, that individual lacks standing to seek visitation within the meaning of DRL §70.
Alison D. v. Virginia M., 77 NY2d 651, 569 NYS2d 586 (1991). Janis C. v. Christine T., 294 AD2d 496, 742 NYS2d 381 (2nd Dept., 2002), lv. app. denied, 
99 NY2d 551, 754 NYS2d 201 (2002).
Given the law as it exists, the court is unfortunately constrained to find that petitioner lacks standing to seek visitation with the children who have apparently [*3]enjoyed a close and loving relationship with petitioner since infancy, with no consideration as to any detriment such a harsh result might have on these children.
In view of the foregoing, it is hereby
ORDERED, that respondents' motion is granted, and the petition filed 6/19/065 is hereby dismissed.
Dated: August 11, 2006
 
 BARBARA LYNAUGH
 JUDGE OF THE FAMILY COURT
The Family Court Act provides that an appeal may be taken from an order of this Court to the Appellate Division: 2d Department pursuant to F.C.A. § 1113. An appeal from this order must be taken within 30 days of receipt of the order by the appellant in court, 35 days from the date of mailing by the Clerk of the Court, or 30 days after service by a party or the Law Guardian upon the appellant, whichever is earliest.